UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF MARYLAND *et al.*,<br><br>      Plaintiffs,<br>  v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION *et al.*,<br><br>      Defendants. | **NO. 1:17-cv-2139-KBJ** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND REQUEST FOR EXPEDITED SCHEDULE TO FILE SUPPLEMENTS TO CROSS-MOTIONS FOR SUMMARY JUDGMENT**

  The plaintiff States respectfully move this Court for leave to amend their complaint and file the attached proposed First Amended Complaint, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Plaintiffs additionally move for the Court to permit the Parties to file brief supplements to their cross-motions for summary judgment addressing the issues raised in the First Amended Complaint.

  1. Plaintiffs initiated the present action more than eight months ago, on October 17, 2017, to challenge the Department of Education's ("Department") unlawful delay of various aspects of the Gainful Employment Rule (the "Rule"), a duly-promulgated rule that took effect on July 1, 2015.

  2. On March 6, 2017, the Department originally delayed the deadline to submit alternative earnings appeals as well as the deadline to comply with the Rule's disclosure requirements relating to promotional materials and direct notifications to students about to enroll until July 1, 2017. On July 5, 2017, the Department again delayed the deadline to comply with the disclosure requirements until July 1, 2018, and extended

the deadline for alternate earnings appeals (without providing a new date). The Department stated that both of these delays were, at least in part, to allow it to further review the GE regulations and "evaluate the utility" of the disclosures. *See* Gainful Employment Electronic Announcement #105, https://ifap.ed.gov/eannouncements/030617GEAnnounce105AddtlSubTimeAEAandGEDisReq.html (last visited June 20, 2018); 82 Fed. Reg. 30,975 (July 5, 2017).

3.  Plaintiff brought an action under the Administrative Procedure Act alleging that the Department failed to adhere to procedures requires by law in delaying the disclosure requirement and alternative earnings appeal deadlines without complying with procedural requirements (Count I); arbitrarily and capriciously delaying disclosure requirement and alternative earnings appeal deadlines (Count II); and unlawfully withholding or unreasonably delaying the issuance of the Draft GE Completers Lists and calculating the debt-to-earnings rates (Count III).

4.  On June 18, 2018, Defendants caused to be published in the Federal Register a notice that further delays the deadline for schools to comply with the disclosure requirements in the Rule relating to promotional materials and direct notifications to students about to enroll, from the already-delayed deadline of July 1, 2018, until July 1, 2019 (the "Third Delay"). *See* 83 Fed. Reg. 28,177 (June 18, 2018). The Department contended that the Third Delay, much the same as the other delays, was justified based upon its stated intention to "develop proposed regulations that would replace the GE regulations" and continued evaluation of the "efficacy of these disclosures to students." *Id.* As such, Defendants used essentially the same bases to justify this Third Delay as they used in the previous delays. This Third Delay therefore violates the

Administrative Procedure Act for the same reasons as the prior delays at issue in this case.

5.   Importantly, however, the Third Delay does not in any way change the facts underlying Count III of Plaintiffs' Complaint or the overall cause of action under that Count. For this reason, Plaintiffs have not modified the allegations in Count III in the First Amended Complaint, but have preserved the original allegations from the date Plaintiffs first filed the Complaint in this matter.

6.   Rule 15(a)(2) of the Federal Rules of Civil Procedure establishes a liberal standard under which courts should "freely give leave" to amend a pleading "when justice so requires." Courts have consistently held that leave to amend should be granted "unless there is a good reason . . . to the contrary." *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1995). Such "good reason[s]" generally are limited to findings of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962), none of which is applicable here. The district court has "broad discretion in interpreting and applying [this] standard." *Nichols vs. Club for Growth Action*, No. CV 16-220, 2017 WL 4857423 at *3 (D.D.C. Oct. 25, 2017).

7.   The applicable considerations weigh in favor of granting Plaintiffs' leave to amend their Complaint. Plaintiffs have moved expeditiously to amend the Complaint in response to Defendants' recent unilateral action. The substantive amendments included in Plaintiffs' proposed First Amended Complaint are meritorious and are limited to

addressing the Third Delay. Plaintiffs have added only limited factual allegations without substantively altering any of the claims that existed previously in the Complaint or altering the allegations related to Count III in any way. Accordingly, no "good reason" exists to deny leave.

8. Plaintiffs seek to minimize any delay in the adjudication of this case caused by Defendants' actions. First, this amendment should not affect the Plaintiffs' Motion for Summary Judgment as it pertains to Count III of the Complaint, and the Court can consider the arguments pertaining to that Count as fully-briefed after the filing of Defendants' Responsive Supplemental Brief on July 3, 2018. In addition, Plaintiffs ask that the Court set an expedited schedule for the parties to file supplements to their cross-motions for summary judgment addressing the new delay notice. An expedited schedule permitting a supplement on this limited issue would avoid prejudicial delay to Plaintiffs and is in the interest of judicial efficiency because the issues in the First Amended Complaint are of limited factual and legal scope and do not affect the majority of the arguments in the cross-motions for summary judgment.

9. Plaintiffs propose the following schedule:

- Plaintiffs file a supplemental brief of not more than 15 pages addressing the new allegations in the First Amended Complaint within 14 days after the date that the First Amended Complaint is deemed to have been filed;
- Defendants file a supplemental brief of not more than 15 pages addressing the arguments in Plaintiffs' supplemental brief within 14 days of the filing of the Plaintiffs' supplemental brief; and,
- Plaintiffs file a reply to Defendants' supplemental brief of not more than 10 pages addressing the arguments in Defendants' supplemental brief within 14 days of the filing of the Defendants' supplemental brief.

10. Plaintiffs' counsel has conferred with Defendants' counsel. Defendants' counsel conveyed that Defendants oppose this motion for leave.

For the foregoing reasons, Plaintiffs respectfully request the Court to (1) grant their motion for leave; (2) order that the attached proposed First Amended Complaint be deemed to have been filed and served on the date on which the order granting this motion is entered; and (3) set an expedited schedule for the filing of supplements to the Parties' cross-motions for summary judgment.

A redline comparison between the Complaint and the proposed First Amended Complaint, a clean copy of the proposed First Amended Complaint, and a proposed order are attached to this motion.

Respectfully submitted,

Dated: June 22, 2018

FOR THE STATE OF MARYLAND
BRIAN E. FROSH
ATTORNEY GENERAL

By: */s/ Christopher J. Madaio*
Christopher J. Madaio
Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
(410) 576-6585
Cmadaio@oag.state.md.us

        FOR THE COMMONWEALTH OF
        PENNSYLVANIA
        JOSH SHAPIRO
        ATTORNEY GENERAL

By: */s/ Michael J. Fischer*
     Michael J. Fischer
     Chief Deputy Attorney General
     John M. Abel
     Jesse Harvey
     Senior Deputy Attorneys General
     Pennsylvania Office of Attorney General
     Strawberry Square
     Harrisburg, PA 17120
     (215) 560-2171
     mfischer@attorneygeneral.gov

     PEOPLE OF THE STATE OF
      ILLINOIS, by LISA MADIGAN
      ATTORNEY GENERAL OF
      ILLINOIS

By: */s/ Joseph Sanders*
     Joseph Sanders
     Gregory W. Jones
     Assistant Attorneys General
     Consumer Fraud Bureau
     Office of the Illinois Attorney General
     100 W. Randolph St., 12th Fl.
     Chicago, IL 60601
     312-814-6796 (Joseph)
     312-814-4987 (Gregory)
     Fax: 312-814-2593
     jsanders@atg.state.il.us
     gjones@atg.state.il.us

     FOR THE COMMONWEALTH OF
     MASSACHUSETTS
     MAURA HEALEY
     ATTORNEY GENERAL

By: */s/ Yael Shavit*
     Yael Shavit
     Assistant Attorney General
     Office of the Massachusetts Attorney
     General

        One Ashburton Place
        Boston, MA 02108
        (617) 963-2197
        yael.shavit@state.ma.us

        FOR THE STATE OF CALIFORNIA
        XAVIER BECERRA
        CALIFORNIA ATTORNEY
        GENERAL

By: */s/ Bernard A. Eskandari*
        Bernard A. Eskandari
        Deputy Attorney General
        300 South Spring Street, Suite 1702
        Los Angeles, California 90013
        (213) 897-2652
        bernard.eskandari@doj.ca.gov

        FOR THE STATE OF
        CONNECTICUT
        GEORGE JEPSEN
        ATTORNEY GENERAL

By: */s/ Joseph J. Chambers*
        Joseph J. Chambers
        Assistant Attorney General
        Connecticut Office of Attorney General
        PO Box 120
        Hartford, CT 06141-0120
        (860) 808-5270
        joseph.chambers@ct.gov

        FOR THE STATE OF DELAWARE
        MATTHEW P. DENN
        ATTORNEY GENERAL

By: */s/ Christian Douglas Wright*
        Christian Douglas Wright
        Director of Consumer Protection
        Deputy Attorney General
        Delaware Department of Justice
        820 N. French Street
        Wilmington, DE  19801
        (302) 577-8400
        christian.wright@state.de.us

        FOR THE DISTRICT OF COLUMBIA
        KARL A. RACINE
        ATTORNEY GENERAL

By: */s/ Benjamin M. Wiseman*
    Benjamin M. Wiseman
    Assistant Attorney General
    Attorney General for the District of Columbia
    441 4th Street, N.W., 6th Floor
    Washington, DC 20001
    (202) 741-5226
    benjamin.wiseman@dc.gov

    FOR THE STATE OF HAWAII
    RUSSELL A. SUZUKI
    ATTORNEY GENERAL OF HAWAII

By: */s/ Bryan C. Yee*
    Bryan C. Yee
    Deputy Attorney General
    425 Queen Street
    Honolulu, Hawaii 96813
    (808) 586-1180
    bryan.c.yee@hawaii.gov

    FOR THE STATE OF IOWA
    THOMAS J. MILLER
    ATTORNEY GENERAL

By: */s/ Jessica Whitney*
    Jessica Whitney
    Director - Consumer Protection
    Office of the Attorney General of Iowa
    1305 E. Walnut St.
    Des Moines, Iowa 50319
    (515) 281-8772
    Jessica.Whitney@iowa.gov

    FOR THE STATE OF MINNESOTA
    LORI SWANSON
    ATTORNEY GENERAL

By: */s/ Jason Pleggenkuhle*
    Jason Pleggenkuhle
    Assistant Attorney General
    Bremer Tower, Suite 1200

        445 Minnesota Street
        St. Paul, MN 55101
        (651) 757-1147 (Voice)
        (651) 282-5832 (Fax)
        jason.pleggenkuhle@ag.state.mn.us

        FOR THE STATE OF NEW YORK
        BARBARA D. UNDERWOOD
        ATTORNEY GENERAL OF NEW YORK

By: */s/ Jane M. Azia*
        Jane M. Azia
        Chief, Bureau of Consumer Frauds and Protection
        28 Liberty Street,
        New York, New York 10005
        Tel.: (212) 416-8727
        Jane.azia@ag.ny.gov

        FOR THE STATE OF NORTH CAROLINA
        JOSHUA H. STEIN
        ATTORNEY GENERAL OF NORTH CAROLINA

By: */s/ Matt Liles*
        Matt Liles
        Assistant Attorney General
        North Carolina Department of Justice
        114 W. Edenton St.
        Raleigh, NC  27603
        P.O. Box 629
        Raleigh, NC  27602
        (919) 716-0141
        mliles@ncdoj.gov

        FOR THE STATE OF OREGON
        ELLEN F. ROSENBLUM
        ATTORNEY GENERAL

By: */s/ Andrew Shull*
        Andrew Shull
        Assistant Attorney General
        Oregon Department of Justice

        1162 Court Street, NE
        Salem, OR 97301
        (503) 934-4400
        Andrew.shull@doj.state.or.us

FOR THE STATE OF RHODE ISLAND
    PETER F. KILMARTIN
    ATTORNEY GENERAL

By: */s/ Neil F.X. Kelly*
    Neil F.X. Kelly
    Deputy Chief, Civil Div.
    Assistant Attorney General
    Edmund F. Murray, Jr.
    Special Assistant Attorney General
    Rhode Island Department of Attorney General
    150 South Main Street
    Providence, Rhode Island 02903
    (401) 274-4400 ext. 2284
    nkelly@riag.ri.gov
    emurray@riag.ri.gov

    FOR THE STATE OF VERMONT
    THOMAS J. DONOVAN, JR.
    ATTORNEY GENERAL

By: */s/ Christopher J. Curtis*
    Christopher J. Curtis
    State of Vermont
    Office of the Attorney General
    Chief, Public Protection Division
    109 State St.
    Montpelier, VT 05609
    (802) 828-5586
    christopher.curtis@vermont.gov

        FOR THE COMMONWEALTH OF
        VIRGINIA
        MARK R. HERRING
        ATTORNEY GENERAL

By: */s/ Samuel T. Towell*
    Samuel T. Towell
    Deputy Attorney General, Civil Litigation
    Cynthia E. Hudson
    Chief Deputy Attorney General
    Barbara Johns Building
    202 N. Ninth St.
    Richmond, Virginia 23219
    (804) 786-6731
    stowell@oag.state.va.us

    FOR THE STATE OF WASHINGTON
    ROBERT W. FERGUSON
    ATTORNEY GENERAL

By: */s/ Jeffrey T. Sprung*
    Jeffrey G. Rupert
    Chief, Complex Litigation Division
    Jeffrey T. Sprung (D.C. Bar No.: 384880)
    Benjamin J. Roesch
    Assistant Attorneys General
    Office of the Washington Attorney General
    1125 Washington St. SE
    P.O. Box 40100
    Olympia, WA 98504
    (206) 326-5492 (Sprung)
    jeffreyr2@atg.wa.gov
    jeff.sprung@atg.wa.gov
    benjaminr@atg.wa.gov
    cynthiaa@atg.wa.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that I have caused the foregoing document, and any attachments thereto, to be electronically filed with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system, and that all participants in the case will be served by the CM/ECF system.

Dated: June 22, 2018

                                          */s/ Christopher J. Madaio*
                                          Christopher J. Madaio