IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STATE OF MARYLAND, et al., ) | |
| ) | Civil Action No. 1:17-2139 (KBJ) |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| EDUCATION, and ELIZABETH DEVOS, in her ) | |
| official capacity as Secretary of Education, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND REQUEST FOR EXPEDITED SCHEDULE**

**INTRODUCTION**

Plaintiffs, a group of states (the "States"), seek leave to file an amended complaint nearly nine months after initiating this action, in order to add new claims regarding a Federal Register notice published by defendants the Department of Education (the "Department") and Secretary DeVos (collectively, "Defendants"), *see* Dep't of Education, Announcement of applicable dates; request for comments, 83 Fed. Reg. 28177-01 (June 18, 2018). The States' request should be denied, first and foremost, because nothing in the States' proposed amendment cures the fatal defect in their original complaint—their lack of standing to challenge the Department's implementation of its gainful employment ("GE") regulations. The issue of the States' standing has been fully briefed, through cross-motions for summary judgment, and awaits a ruling by the Court.

Relatedly, the fact that the parties' cross-motions have been fully briefed—including a round of supplemental briefing that the Court allowed based on the States' request—also weighs against allowing an amended complaint at this stage. Defendants would be prejudiced by the need to reopen proceedings, submit further briefing, and possibly amend the administrative record. Requiring Defendants to expend further resources on additional briefing would be particularly inappropriate given that such briefing could not affect the Court's ruling on the States' standing. The Court therefore should deny the States' motion.

## BACKGROUND

The States filed their complaint on October 17, 2017. Pursuant to an agreed-upon briefing schedule, the States filed a motion for summary judgment on December 26, 2017 [ECF 33]; Defendants filed a cross-motion on February 13, 2018 [ECF 36], along with an administrative record [ECF 37]; and briefing was completed with Defendants' filing of a cross-reply on March 27, 2018 [ECF 42]. The Court then held a hearing on the parties' cross-motions on May 1, 2018. Pursuant to a request by the States, the Court allowed supplemental briefing. The States filed their supplemental brief on June 19, 2018 [ECF 64], and Defendants filed their supplemental brief on July 3, 2018 [ECF 66]. This case therefore stands submitted for a final disposition based on the parties' cross-motions for summary judgment.

## ARGUMENT

I. **PLAINTIFFS' PROPOSED AMENDMENT SHOULD BE DENIED AS FUTILE BECAUSE PLAINTIFFS LACK STANDING**

"A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir.

2012) (per curiam).[1] In particular, where a proposed amendment fails to state a plausible basis for standing, a motion to amend should be denied. *See West v. Lynch*, 845 F.3d 1228, 1235 n.8 (D.C. Cir. 2017) (rejecting suggestion that case should be remanded to allow for amendment of the complaint because, "[i]n view of our conclusion about redressability, amending the complaint would only delay the inevitable"); *Williams v. Lew*, 819 F.3d 466, 471 (D.C. Cir. 2016) (rejecting request to amend in Court of Appeals as futile because the proposed amended complaint "fails to state a plausible basis for standing")

Here, the States' proposed amendment would not cure their lack of standing. As argued in Defendants' summary judgment briefing, the States lack Article III standing to assert their claims on their own behalf because they have failed to identify a cognizable injury fairly traceable to the Department actions that they challenge. *See* Def. S.J. Mem. [ECF 35, 36-1] at 19-25; Def. Reply [ECF 42] at 2-8; Def. Supp. Mem. [ECF 66] at 2-5. The States also cannot rely on a theory that they are acting as *parens patriae* on behalf of their citizens when bringing claims again a federal agency. *See* Def. S.J. Mem. at 17-19; Def. Reply at 8-10. The States also do not fall within the zone of interests protected or regulated by Title IV of the Higher Education Act.  Def. S.J. Mem. at 25-26; Def. Reply at 10-12.

A recent decision in the Northern District of California underscores the States' lack of standing here. In *People v. U.S. Dep't of Educ.*, Order Granting Defendants' Mot. to Dismiss, No. 17-cv-7106 (N.D. Cal. June 27, 2018) (attached hereto), the court held that the plaintiff State

---

[1] The States assert their motion to amend pursuant to Rule 15(a)(2), but their request should have been submitted in a motion to file a supplemental pleading under Rule 15(d). *Xingru Lin v. Dist. of Columbia*, 319 F.R.D. 1, 1 (D.D.C. 2016) ("[N]ew allegations relating to matters that occurred prior to the filing of the original pleading constitute amendments, whereas new allegations relating to matters that occurred after filing constitute supplements[.]" (citing *Hall v. CIA*, 437 F.3d 94, 100 (D.C. Cir. 2006)). In any event, a motion to supplement is subject to the same standard as a motion to amend, and futility remains a "good reason" to deny such a motion. *See id.*

of California lacked standing to raise a challenge to the Department's implementation of its borrower-defense regulation, which provides a mechanism for the Department to consider claims submitted by students for the discharge of their federal student loans. Slip op. at 9-17. In particular, the court held that the state failed to identify an injury to any proprietary interest, nor did it identify an injury to any sovereign interest fairly traceable to the Department action that it challenged in that case. *See id.* The court observed that the state "has no independent or inherent interest in a federally-created and federally-financed system of loans," and that the state "cannot have a sovereign interest in a federal program that was created to assist individuals through a federal statutory and regulatory scheme." *Id.* at 15-16. Similarly here, the States have identified no injury fairly traceable to the challenged Department actions, and their assertion of an interest in the Department's implementation of the GE regulations should similarly be rejected.

Nothing in the States' proposed amendment in any way bolsters their standing to challenge the aspects of the Department's implementation of its GE regulations that they have identified. Accordingly, the States' proposed amended complaint would be subject to dismissal for lack of standing for the same reasons that the States' original complaint should be dismissed. The Court therefore should reject the States' motion to amend as futile.

## II.  PLAINTIFFS' PROPOSED AMENDMENT SHOULD BE DENIED BECAUSE IT WOULD UNDULY PREJUDICE DEFENDANTS GIVEN THAT THIS CASE IS FULLY BRIEFED AND SUBMITTED FOR A FINAL DECISION

In addition, Defendants would be unduly prejudiced by allowing amendment at this stage of proceedings. *See Hall*, 437 F.3d at 101 (supplementation of a pleading is appropriate only if it "will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action"). In *Baltimore v. Pruitt*, 293 F. Supp. 3d 1 (D.D.C. 2017), the Court

concluded that the agency would not be prejudiced by the filing of an amended complaint because that case was still "in its infancy." *Id.* at 7. That is not the situation here. Rather, in this case, the administrative record has already been filed, the parties' cross-motions for summary judgment have already been fully briefed, a hearing on those motions has already taken place, and supplemental briefing has been submitted. Thus, this case stands ready for a final decision based on the parties' cross-motions, which will constitute the final disposition of this action. The Court has recognized that a defendant is prejudiced by allowing supplementation after the defendant has "already spent considerable time and effort briefing summary judgment on the issues presented in th[e] case." *James Madison Project v. Dep't of Justice*, 208 F. Supp. 3d 265, 280 (D.D.C. 2016).

The States attempt to minimize the impact of their proposed amendment by asserting that it would "add[] only limited factual allegations without substantively altering any of the claims that existed previously in the Complaint or altering the allegations related to Count III in any way." Pl. Mot. at 4. While Count III would be unaffected as the States suggest, that is simply because Count III is focused on an entirely unrelated subject, the Department's alleged delay in issuing Draft GE Completers Lists. But the States fail to acknowledge that in fact they would be adding two additional claims to the case. They seek to assert a new claim in Count I, that the Department was required to follow notice and comment rulemaking when issuing the June 18, 2018 Federal Register notice. *See* Proposed Am. Compl. ¶¶ 105-106. They also seek to assert a new claim in Count II, that the Department's issuance of the June 18, 2018 Federal Register notice was arbitrary and capricious. *See* Proposed Am. Compl. ¶¶ 115, 118. These new claims would also require Defendants to consider whether supplementation of the administrative record is necessary. And as the States recognize, allowing amendment of the complaint at this stage

would require that proceedings be reopened to allow further briefing. *See* Pl. Mot. at 4.[2] The prejudice to Defendants by requiring further briefing at this stage is only compounded by the likelihood that, in the end, such briefing will have no impact on the Court's disposition because the States lack standing. The undue delay and prejudice that the States' proposed amendment would cause is therefore another reason, in addition to the States' lack of standing, for denying their motion.

## CONCLUSION

For the foregoing reasons, the States' Motion for Leave to File Amended Complaint and Request for Expedited Schedule should be denied.

Dated: July 6, 2018

Respectfully Submitted,

CHAD A. READLER
Acting Assistant Attorney General
JESSIE K. LIU
United States Attorney
MARCIA BERMAN
Assistant Director, Federal Programs Branch

 /s/ Kathryn L. Wyer
KATHRYN L. WYER
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW Room 7124
Washington, D.C. 20530
Tel.: (202) 616-8475
Fax: (202) 616-8470
Email: kathryn.wyer@usdoj.gov
*Attorneys for Defendants*

---

[2] While the States propose that an "expedited" briefing schedule be set, they provide no justification for expedition. To require Defendants to follow an expedited schedule without regard to other deadlines that counsel for Defendants may face would further prejudice Defendants. Thus, even if the Court grants Defendants' motion, it should require that the parties confer and submit a proposed briefing schedule.