UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF MARYLAND *et al.*,<br><br>                        Plaintiffs,<br>         v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION *et al.*,<br><br>                        Defendants. | NO. 1:17-cv-2139-KBJ |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND
REQUEST FOR EXPEDITED SCHEDULE**

On June 18, 2018, the U.S. Department of Education (the "Department") issued the third in a series of delays (the "Third Delay Rule") whose overarching goal is to rescind critical components of the Gainful Employment Rule (the "Rule" or "GE Rule") while the Department contemporaneously conducts separate rulemaking on the Rule. This Third Delay Rule delays the deadline to comply with certain of the GE Rule's disclosure requirements until July 1, 2019 and echoes the reasoning and justifications provided in the July 5, 2017 delay (the "Second Delay Rule").[1] The Second Delay Rule serves as part of the basis for this current litigation, challenging the refusal of the Department to carry out its responsibility to enforce the Rule, a duly enacted regulation designed to protect students from predatory for-profit colleges and universities. The States have previously noted that the Department's various actions were intended "to ensure that the Rule is never carried out in a meaningful way."[2] Given the overarching

---

[1] Department of Education, *Program Integrity: Gainful Employment*, 82 Fed. Reg. 30975 (July 5, 2017).
[2] Dkt. No. 39, Plaintiffs' Memorandum in Opposition to Defendant's Cross-Motion for Summary Judgment and Reply Memorandum in Support of Plaintiffs' Motion for Summary Judgment, at 1 (Mar. 6, 2018).

goal of the Department to rescind the GE Rule through these repeated delays, Plaintiffs now seek to amend[3] their Complaint to address this Third Delay Rule. Such an amendment promotes justice and does not prejudice Defendants.

The Department has disputed the States' characterization of the Department's repeated delays and dismissed as an "imagined parade of horribles" the States' suggestion that the Department would seek to further delay the disclosure requirements so as to excuse programs from these disclosure obligations entirely.[4] But, less than two weeks before the deadline set by the Second Delay Rule, the Department again delayed certain disclosure requirements for an additional full year, until July 1, 2019.[5] Contemporaneous with these proceedings, the Department is currently conducting a rulemaking process designed to draft a replacement for the Rule, with a likely effective date of July 1, 2019. So, if the Department implements a replacement rule that eliminates the disclosure obligation by July 1, 2019, covered programs will *never* have to comply with the requirement to provide certain disclosures in marketing materials and directly to prospective students, and the Department will have succeeded in rescinding the Rule.

Now that the States' "parade of horribles" has come to pass, the Department nevertheless insists that the States may not amend their complaint to challenge the Third Delay Rule because doing so would lead to "undue delay and prejudice." Dkt. No. 67, Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File Amended Complaint and Request for Expedited Schedule, at 6 (July 6, 2018). But it was

---

[3] The Department is correct that the States' pleading is technically a motion to supplement rather than a motion to amend. Nevertheless, as the Defendants point out in their Opposition, a motion to supplement is subject to the same standard as a motion to amend and, therefore, the Defendants do not take the position that the style of the pleading is a proper basis for denial of the relief sought.
[4] Dkt. No. 42, Defendants' Reply in Support of Defendants' Cross-Motion for Summary Judgment, at 14 (Mar. 27, 2018).
[5] Department of Education, *Program Integrity: Gainful Employment*, 83 Fed. Reg. 28177 (June 18, 2018).

the Department, not the States that waited until the last minute—after summary judgment motions were briefed and argued and mere days before the requirements were to go into effect—to issue the Third Delay Rule. The Department does not offer an explanation why it waited so long to delay the requirements again, especially given its earlier dismissal of the States' suggestion that it would likely do so.

As the Department acknowledges, leave to amend should be granted "when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Hall v. C.I.A.*, 437 F.3d 94, 101 (D.C. Cir. 2006). Here, the alternative to addressing the illegality of the Department's Third Delay Rule in this action would be to require the States to initiate a separate lawsuit challenging it, which would be anything but "economic and speedy." Furthermore, the Department cannot complain of undue delay or prejudice to its rights, as any delay or prejudice is entirely of the Department's own making. The Department's piecemeal style of improperly rescinding these elements of the GE Rule, if anything, has caused any prejudice which may occur. Instead, allowing the States to address in one litigation the ongoing efforts of the Department to rescind the Rule most effectively promotes the disposition of this entire controversy.

The Department also vastly overstates the extent to which the States' proposed amended complaint would complicate the issues in this case. The justification for this latest delay is identical to the justification offered by the Department for the Second Delay Rule: in each case, the Department asserted that it needs more time to "evaluate"

the need for the disclosure requirements.[6] The legal issues presented by the Third Delay Rule are identical to those presented by the earlier delay upon which the Plaintiff brought this lawsuit: whether the Department was required to go through notice and comment rulemaking (or negotiated rulemaking) in delaying the effective date of the disclosure requirements, and whether the delay was arbitrary and capricious. While the States cannot know whether the Department will need to supplement the administrative record, *see* Opp. 5, it seems unlikely that the Department considered voluminous new materials in preparing a two-page rule in the *Federal Register* that is largely identical in substance to the previous delay rules it issued, especially when it did not publish a proposed rule or accept public comment prior to publication.

Finally, the fact that the Department continues to contest the States' standing does not provide a basis for denying the motion. As the States have explained, they have suffered and will continue to suffer injury as a result of the Department's refusal to

---

[6] The Second Delay Rule states:

> The Department believes that it should evaluate the utility of these disclosures to students and the implementation of this requirement prior to requiring institutions to include the disclosure template, or a link thereto, in their GE program promotional materials and to directly distribute the disclosure template to prospective students under 34 CFR 668.412(d) and (e). Moreover, the Department expects to further review these requirements as part of its review of the GE regulations and their implementation, including through negotiated rulemaking. Accordingly, the Department is allowing institutions additional time—until July 1, 2018—to comply with the provisions in 34 CFR 668.412(d) and (e).

82 Fed. Reg. at 30976. Similarly, the Third Delay Rule states:

> As part of this rulemaking process, the Department continues to evaluate the efficacy of these disclosures to students, including the manner in which the GE regulations would require institutions make these disclosures, and the burden associated with the implementation of these requirements. As the Department continues to review the utility of these requirements in connection with the proposed rulemaking, we are allowing institutions additional time—until July 1, 2019—to comply with the provisions in 34 CFR 668.412(d) and (e).

83 Fed. Reg. at 28178.

enforce the Rule. The Department's standing argument can and should be addressed through the Parties' respective summary judgment motions, not by denying the States leave to amend.[7] In fact, denying the States' Motion would not preclude them from filing a separate complaint challenging the latest delay, where the question of standing would be litigated anew. As such, the interests of judicial economy weigh strongly in favor of permitting the States to amend, so that all issues relating to this case can be resolved together without the need for duplicative briefing and unnecessary delay.

## CONCLUSION

For the reasons set forth above, the States' motion for leave to amend and for the issuance of an expedited schedule should be granted.

Respectfully submitted,

Dated: July 13, 2018

FOR THE STATE OF MARYLAND
BRIAN E. FROSH
ATTORNEY GENERAL

By: */s/ Christopher J. Madaio*
Christopher J. Madaio
Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
(410) 576-6585
Cmadaio@oag.state.md.us

---

[7] The Department points to a decision from the Northern District of California in support of its argument that the States have not shown any injury "fairly traceable" to its conduct. *See* Opp. 4. But the Rule itself makes such a showing: it found, among other benefits, that it would allow states to allocate education funding "more efficiently to higher-performing programs" and provide improved oversight of states' "investments in postsecondary education." 79 Fed. Reg. at 65,080; *see also* Dkt. No. 64, Supplemental Memorandum in Support of Plaintiffs' Motion for Summary Judgment, at 5-6 & nn. 4-6 (discussing ways in which the Department's refusal to enforce the Rule injures the States). Far more relevant is the decision of a judge of this Court in *Accrediting Council for Independent Colleges and Schools v. DeVos et al. (ACICS)*, finding that state intervenors had established injury by demonstrating that they would be forced "to expend considerable resources pursuing claims against institutions of higher education that violate the States' respective consumer protection laws" in the result of an adverse decision. *See* Dkt. No. 71, *ACICS*, No. 16-2448 (D.D.C. Aug. 31, 2017). The same is true here.

        FOR THE COMMONWEALTH OF
        PENNSYLVANIA
        JOSH SHAPIRO
        ATTORNEY GENERAL

By: */s/ Michael J. Fischer*
     Michael J. Fischer
     Chief Deputy Attorney General
     John M. Abel
     Jesse Harvey
     Senior Deputy Attorneys General
     Pennsylvania Office of Attorney General
     Strawberry Square
     Harrisburg, PA 17120
     (215) 560-2171
     mfischer@attorneygeneral.gov

     PEOPLE OF THE STATE OF
     ILLINOIS, by LISA MADIGAN
     ATTORNEY GENERAL OF
     ILLINOIS

By: */s/ Joseph Sanders*
     Joseph Sanders
     Gregory W. Jones
     Assistant Attorneys General
     Consumer Fraud Bureau
     Office of the Illinois Attorney General
     100 W. Randolph St., 12th Fl.
     Chicago, IL 60601
     312-814-6796 (Joseph)
     312-814-4987 (Gregory)
     Fax: 312-814-2593
     jsanders@atg.state.il.us
     gjones@atg.state.il.us

     FOR THE COMMONWEALTH OF
     MASSACHUSETTS
     MAURA HEALEY
     ATTORNEY GENERAL

By: */s/ Yael Shavit*
     Yael Shavit
     Assistant Attorney General

        Office of the Massachusetts Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-2197
yael.shavit@state.ma.us

FOR THE STATE OF CALIFORNIA
XAVIER BECERRA
CALIFORNIA ATTORNEY GENERAL

By: */s/ Bernard A. Eskandari*
Bernard A. Eskandari
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, California 90013
(213) 897-2652
bernard.eskandari@doj.ca.gov

FOR THE STATE OF CONNECTICUT
GEORGE JEPSEN
ATTORNEY GENERAL

By: */s/ Joseph J. Chambers*
Joseph J. Chambers
Assistant Attorney General
Connecticut Office of Attorney General
PO Box 120
Hartford, CT 06141-0120
(860) 808-5270
joseph.chambers@ct.gov

FOR THE STATE OF DELAWARE
MATTHEW P. DENN
ATTORNEY GENERAL

By: */s/ Christian Douglas Wright*
Christian Douglas Wright
Director of Consumer Protection
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8400

        christian.wright@state.de.us

        FOR THE DISTRICT OF COLUMBIA
        KARL A. RACINE
        ATTORNEY GENERAL

By: */s/ Benjamin M. Wiseman*
        Benjamin M. Wiseman
        Assistant Attorney General
        Attorney General for the District of Columbia
        441 4th Street, N.W., 6th Floor
        Washington, DC 20001
        (202) 741-5226
        benjamin.wiseman@dc.gov

        FOR THE STATE OF HAWAII
        RUSSELL A. SUZUKI
        ATTORNEY GENERAL OF HAWAII

By: */s/ Bryan C. Yee*
        Bryan C. Yee
        Deputy Attorney General
        425 Queen Street
        Honolulu, Hawaii 96813
        (808) 586-1180
        bryan.c.yee@hawaii.gov

        FOR THE STATE OF IOWA
        THOMAS J. MILLER
        ATTORNEY GENERAL

By: */s/ Jessica Whitney*
        Jessica Whitney
        Director - Consumer Protection
        Office of the Attorney General of Iowa
        1305 E. Walnut St.
        Des Moines, Iowa 50319
        (515) 281-8772
        Jessica.Whitney@iowa.gov

        FOR THE STATE OF MINNESOTA
        LORI SWANSON
        ATTORNEY GENERAL

By: */s/ Jason Pleggenkuhle*

        Jason Pleggenkuhle
        Assistant Attorney General
        Bremer Tower, Suite 1200
        445 Minnesota Street
        St. Paul, MN 55101
        (651) 757-1147 (Voice)
        (651) 282-5832 (Fax)
        jason.pleggenkuhle@ag.state.mn.us

        FOR THE STATE OF NEW YORK
        BARBARA D. UNDERWOOD
        ATTORNEY GENERAL OF NEW
        YORK

By: */s/ Jane M. Azia*
        Jane M. Azia
        Chief, Bureau of Consumer Frauds and
        Protection
        28 Liberty Street,
        New York, New York 10005
        Tel.: (212) 416-8727
        Jane.azia@ag.ny.gov

        FOR THE STATE OF NORTH
        CAROLINA
        JOSHUA H. STEIN
        ATTORNEY GENERAL OF
        NORTH CAROLINA

By: */s/ Matt Liles*
        Matt Liles
        Assistant Attorney General
        North Carolina Department of Justice
        114 W. Edenton St.
        Raleigh, NC 27603
        P.O. Box 629
        Raleigh, NC 27602
        (919) 716-0141
        mliles@ncdoj.gov

        FOR THE STATE OF OREGON
        ELLEN F. ROSENBLUM
        ATTORNEY GENERAL

By: */s/ Andrew Shull*

        Andrew Shull
        Assistant Attorney General
        Oregon Department of Justice
        1162 Court Street, NE
        Salem, OR 97301
        (503) 934-4400
        Andrew.shull@doj.state.or.us

FOR THE STATE OF RHODE ISLAND
    PETER F. KILMARTIN
    ATTORNEY GENERAL

By: */s/ Neil F.X. Kelly*
    Neil F.X. Kelly
    Deputy Chief, Civil Div.
    Assistant Attorney General
    Edmund F. Murray, Jr.
    Special Assistant Attorney General
    Rhode Island Department of Attorney General
    150 South Main Street
    Providence, Rhode Island 02903
    (401) 274-4400 ext. 2284
    nkelly@riag.ri.gov
    emurray@riag.ri.gov

    FOR THE STATE OF VERMONT
    THOMAS J. DONOVAN, JR.
    ATTORNEY GENERAL

By: */s/ Christopher J. Curtis*
    Christopher J. Curtis
    State of Vermont
    Office of the Attorney General
    Chief, Public Protection Division
    109 State St.
    Montpelier, VT 05609
    (802) 828-5586
    christopher.curtis@vermont.gov

        FOR THE COMMONWEALTH OF
        VIRGINIA
        MARK R. HERRING
        ATTORNEY GENERAL

By: */s/ Samuel T. Towell*
    Samuel T. Towell
    Deputy Attorney General, Civil
    Litigation
    Cynthia E. Hudson
    Chief Deputy Attorney General
    Barbara Johns Building
    202 N. Ninth St.
    Richmond, Virginia 23219
    (804) 786-6731
    stowell@oag.state.va.us

    FOR THE STATE OF WASHINGTON
    ROBERT W. FERGUSON
    ATTORNEY GENERAL

By: */s/ Jeffrey T. Sprung*
    Jeffrey G. Rupert
    Chief, Complex Litigation Division
    Jeffrey T. Sprung (D.C. Bar No.: 384880)
    Benjamin J. Roesch
    Assistant Attorneys General
    Office of the Washington Attorney General
    1125 Washington St. SE
    P.O. Box 40100
    Olympia, WA 98504
    (206) 326-5492 (Sprung)
    jeffreyr2@atg.wa.gov
    jeff.sprung@atg.wa.gov
    benjaminr@atg.wa.gov
    cynthiaa@atg.wa.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have caused the foregoing document, and any attachments thereto, to be electronically filed with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system, and that all participants in the case will be served by the CM/ECF system.

Dated: July 13, 2018

>*/s/ Christopher J. Madaio*
>Christopher J. Madaio