**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF MARYLAND *et al.*,<br><br>                              Plaintiffs,<br>            v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION *et al.*,<br><br>                              Defendants. | **NO. 1:17-cv-2139-KBJ** |

**PLAINTIFFS' SECOND SUPPLEMENTAL MEMORANDUM**
**IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................... i

TABLE OF AUTHORITIES ............................................................................ ii

BACKGROUND ................................................................................................1

ARGUMENT ......................................................................................................4

    I.   The Department Violated the APA by Issuing the Third Delay Notice Without Observing Procedures Required by Law. ...............................................................4

    II.  The Third Delay Notice Is Arbitrary and Capricious. ...........................................7

CONCLUSION.................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*Air Alliance Houston v. Envtl. Prot. Agency*, 17-1155, 2018 WL 4000490 (D.C. Cir. Aug. 17, 2018) .................................................................................................................5, 9

*Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156 (1962) ...................................8

*Clean Air Council v. Pruitt*, 862 F.3d 1 (D.C. Cir. 2017).............................................4, 10

*Envtl. Defense Fund, Inc. v. Gorsuch*, 713 F.2d 802 (D.C. Cir. 1983)...............................5

*Michigan v. E.P.A.*, 135 S. Ct. 2699 (2015) ......................................................................9

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983)............................................................................................................................8, 9

*Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95 (2d Cir. 2018) .........................................................................................................................5

*Nat'l Res. Def. Council v. U.S. E.P.A.*, 683 F.2d 752 (3rd Cir. 1982).............................10

*Public Citizen v. Steed*, 733 F.2d 93 (D.C. Cir. 1984)................................................. 9-10

## STATUTES

5 U.S.C.

    § 553.................................................................................................... 4, 6, 7

    § 706.................................................................................................... 4, 6

20 U.S.C.

    § 1002..................................................................................................... 2

    § 1088..................................................................................................... 2

    § 1098a.............................................................................................. 4, 6

## REGULATIONS

34 CFR § 668.405 ..............................................................................................3

34 CFR § 668.412 ..............................................................................................3

Program Integrity: Gainful Employment, Notice of Proposed Rulemaking, 83 Fed. Reg. 40,167 (Aug. 14, 2018) .................................................................................................4

Program Integrity: Gainful Employment, Announcement of Applicable Dates; Request for Comments, 83 Fed. Reg. 28,177 (June 18, 2018) ("Third Delay Notice").... *passim*

Program Integrity: Gainful Employment, Announcement of Applicable Dates; Request for Comments, 82 Fed. Reg. 39,362 (August 18, 2017) ................................................2

Program Integrity: Gainful Employment, Announcement of Applicable Dates; Request for Comments, 82 Fed. Reg. 30,975 (July 5, 2017); .....................................................2

Program Integrity: Gainful Employment, Final Regulations, 79 Fed. Reg. 64,890 (Oct. 31, 2014) ..........................................................................................................................1

The Plaintiff States respectfully submit this Second Supplemental Memorandum in Support of their Motion for Summary Judgment.[1] This memorandum supplements the States' previous briefing in support of their motion and specifically addresses the most recent delay notice issued by the U.S. Department of Education ("the Department") on June 18, 2018.[2] *See Program Integrity: Gainful Employment, Announcement of Applicable Dates; Request for Comments*, 83 Fed. Reg. 28,177 (June 18, 2018) ("Third Delay Notice"). The Third Delay Notice, like the two previous notices issued by the Department to delay the Gainful Employment Rule (the "Rule"), is unlawful and should be set aside. The States therefore respectfully request that the Court grant summary judgment in their favor on Counts I and II of their amended complaint with respect to the Third Delay Notice, in addition to awarding the other relief the States requested in their original Motion for Summary Judgment.[3]

## BACKGROUND

Plaintiffs filed this action to challenge the refusal by the Department to carry out its duties under the Gainful Employment Rule,[4] a duly enacted rule that was upheld by

---

[1] *See* Plaintiffs' Motion for Summary Judgement, Dkt. No. 33 (Dec. 26, 2017).

[2] The States incorporate by reference the arguments made in their previous briefs in support of their motion. *See* Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment, Dkt. No. 33-1 (Dec. 26, 2017); Reply Memorandum in Support of Plaintiffs' Motion for Summary Judgment, Dkt. No. 40 (Mar. 8, 2018); Supplemental Memorandum in Support of Plaintiffs' Motion for Summary Judgment, Dkt. No. 64 (June 19, 2018).

[3] As the States explained in their motion for leave to amend, briefing is complete with respect to Count III of the States' amended complaint. *See* Plaintiffs' Motion for Leave to File Amended Complaint and Request for Expedited Schedule to File Supplements to Cross-Motions for Summary Judgment, Dkt. No. 65 (June 22, 2018). As a result, that count is not addressed in detail here.

[4] *See Program Integrity: Gainful Employment, Final Regulations*, 79 Fed. Reg. 64,890 (Oct. 31, 2014).

courts on three prior occasions.[5] The Rule was promulgated to implement the statutory requirement that educational institutions receiving federal student loan funding prepare students for "gainful employment in a recognized occupation." *See* 20 U.S.C. §§ 1002, 1088. It was issued in the wake of growing evidence, much of which was uncovered through investigations conducted by Plaintiffs, that many for-profit educational institutions were victimizing students by offering programs that forced them to take on large amounts of debt but then failed to provide them with the skills that would allow them to earn enough to pay back what they had borrowed. To better inform students, the Rule required schools to provide them with additional disclosures about the average debt loads and earnings of their graduates. In addition, the Rule ensured that federal student loan funding did not go to programs that repeatedly failed in their obligation to prepare their students for "gainful employment in a recognized occupation," thus protecting both students and taxpayers.

In the initial Complaint, the States challenged two notices issued by the Department that delayed certain key deadlines and otherwise substantively amended the Rule. *See* Program Integrity: Gainful Employment, Announcement of Applicable Dates; Request for Comments, 82 Fed. Reg. 30,975 (July 5, 2017) ("First Delay Notice"); Program Integrity: Gainful Employment, Announcement of Applicable Dates; Request for Comments, 82 Fed. Reg. 39,362 (Aug. 18, 2017) ("Second Delay Notice"). The States also challenged the Department's failure to take certain required actions under the Rule, including producing lists of graduates ("Draft GE Completers Lists") for covered

---

[5] *See* Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment, Dkt. No. 33-1, at 6 (Dec. 26, 2017).

2

programs and calculating ratios of debt-to-earnings ("D/E rates") for graduates of each

program.[6] Taken together, the Department's actions demonstrated that it had no interest

in enforcing the Rule in any meaningful way, but was instead attempting to run out the

clock on the current Rule while it scrambled to promulgate a replacement that would strip

students of the Rule's protections.

   After both parties moved for summary judgment and oral argument was held, the

Department announced that it was, yet again, delaying certain key provisions of the Rule.

*See* Third Delay Notice, 83 Fed. Reg. 28,177. The Third Delay Notice extended the

compliance deadline until July 1, 2019, for the Rule's requirements that programs

disclose critical information about their programs in marketing materials and directly to

prospective students.[7] This deadline had already been extended an additional year – from

July 1, 2017, to July 1, 2018 – by the First Delay Notice. Tellingly, the Third Delay

Notice explicitly referenced the ongoing negotiated rulemaking over the Rule as a basis

---

[6] For each award year, the Department is required to create "a list of the students who completed the program during the cohort period" and provide the list to the institution so that it may make any necessary corrections. 34 C.F.R. § 668.405(a)(1), (a)(2). For the 2015-2016 award year, the Department provided these "Draft GE Completers Lists" to relevant institutions on April 30, 2018, just one day before oral argument on the States' summary judgment motion. Under the Rule, the Department must give institutions 45 days to "provide evidence showing that a student should be included on or removed from the list." 34 C.F.R. § 668.405(c)(2)(i). Once the lists are finalized, the Department then calculates, for each program, an initial ratio of debt to earnings for program graduates (the "draft D/E rates"). 34 C.F.R. § 668.405(e). Although the 45-day period for programs to make corrections to the draft completers lists ended almost three months ago, the Department has not yet issued draft D/E rates.

[7] Under 34 CFR § 668.412(d) and (e), programs subject to the GE regulations would be required to include a disclosure template containing information specified by the Department, or a link thereto, in their GE program promotional materials, and to directly distribute the same information to prospective students. The only disclosure requirement that the Department did allow to go into effect was a separate requirement that such information be posted on program web pages. *Id.* § 668.412(c).

for the delay. In fact, less than two months after issuing the Third Delay Notice, the

Department formally proposed rescinding the Rule in its entirety. *See* Program Integrity:

Gainful Employment, Notice of Proposed Rulemaking, 83 Fed. Reg. 40,167 (Aug. 14,

2018). If the Department finalizes the rescission of the Rule by November 1, 2018, it will

cease to exist on July 1, 2019 – the same day that the latest extension would otherwise

end. If this comes to pass, the Department will have succeeded in ignoring its legal

obligation to fully implement the Rule while it worked to replace it. As a result, there can

be no real doubt that the Department's repeated delays of the Rule were part and parcel of

a broader effort to ensure that students would never receive the protections afforded by

the Rule.

## ARGUMENT

The Third Delay Notice, like the two earlier Delay Notices, violates the

Administrative Procedure Act. It operates as a rescission of the Rule, yet was issued

without adherence to the notice-and-comment rulemaking procedures required by the

APA or the negotiated rulemaking procedures required by the Higher Education Act (the

"HEA"). *See* 5 U.S.C. § 553; 20 U.S.C. § 1098a. In addition, it is arbitrary and

capricious, as the Department failed to set forth an adequate explanation for the decision

to further delay implementation of the Rule. *See* 5 U.S.C. § 706(2)(a). For these reasons,

the Third Delay Notice should be held unlawful and set aside.

## I.  THE DEPARTMENT VIOLATED THE APA BY ISSUING THE THIRD DELAY NOTICE WITHOUT OBSERVING PROCEDURES REQUIRED BY LAW.

The Third Delay Notice, like its predecessors, is itself a substantive rule. Agency

action "delaying [a] rule's effective date … [is] tantamount to amending or revoking a

rule." *Clean Air Council v. Pruitt*, 862 F.3d 1, 6 (D.C. Cir. 2017). As a result, "a

4

suspension of the effective date of [a] regulation … may be reviewed … as the promulgation of a regulation." *Envtl. Defense Fund, Inc. v. Gorsuch*, 713 F.2d 802, 813 (D.C. Cir. 1983). An effective date "is an essential part of any rule" because "without an effective date a rule would be a nullity because it would never require adherence." *Nat'l Res. Def. Council v. U.S. E.P.A.*, 683 F.2d 752, 762 (3rd Cir. 1982).

This principle applies with particular force here, because the combined effect of the First and Third Delay Notices is that, if the Department succeeds in promulgating a regulation repealing the Rule by November 1, 2018, the disclosure requirements will *never* go into effect. As a result, the Delay Notices will bring about the rescission of the Rule, as the Department intended from the start. Such actions are unlawful: in fact, just last month, the D.C. Circuit vacated similar attempt by the EPA to delay the effective date of a duly promulgated rule, stressing that an agency "may not employ delay tactics to effectively repeal a final rule while sidestepping the statutorily mandated process for revising or repealing that rule on the merits." *Air Alliance Houston v. Envtl. Prot. Agency*, 17-1155, 2018 WL 4000490, at *11 (D.C. Cir. Aug. 17, 2018). This is precisely what the Department has tried to do here – and its efforts should be rejected for the same reason.

The Department has previously argued that the States could not challenge the prior delay notices because they amounted to little more than "procedural decision[s] to delay certain requirements for an finite, temporary period." Cross Motion for Summary Judgment, Dkt. No. 36, at 29 (Feb. 13, 2018). But even then, the Department conceded that the situation would be different if the Department were to issue subsequent notices further delaying the disclosure requirements. *See* Reply in Support of Cross Motion for

Summary Judgment, Dkt. No. 42, at 14 (Mar. 27, 2018). In that case, the Department acknowledged that "such a series of postponements could be taken into account in the future, if they were to occur, along with other relevant circumstances." *Id*. While the Department did not specify what "other relevant circumstances" should be considered, the fact that it plans to jettison the Rule entirely on the same date the extension ends seems highly relevant. So even under the Department's own flawed logic, the Third Delay Notice amounts to a substantive rule.

Because it is a substantive rule, the Third Delay Notice is subject to the notice-and-comment requirements of the APA. *See* 5 U.S.C. § 553. Therefore, the Department was obligated to provide notice of its proposal in the *Federal Register*, solicit comments on the proposal, and address the comments received in its final response. *Id.* Furthermore, the Third Delay Notice is also subject to the negotiated rulemaking requirements of the HEA. *See* 20 U.S.C. § 1098a. The Department failed to comply with any of these legal obligations, and as a result the notice should be held invalid and set aside. *See* 5 U.S.C. § 706(2)(D). The only suggestion that the Department even recognized its obligation is that the Third Delay Notice seeks comments that the Department claims it will consider "in determining whether to take any *future* action in connection with the implementation of the disclosure requirements." 83 Fed. Reg. at 28,178 (emphasis added). But soliciting comments relating to future action is a far cry from complying with the APA's requirement to seek input on a proposal *before* finalizing it. And the Department's assertion that it will consider any comments in deciding whether to take future action rings hollow, as it has since made clear that it intends to do away with the Rule in its entirety.

Although there are certain statutory exceptions to these procedural requirements, the Department has not sought to invoke them here, nor has it sought to justify the prior Delay Notices by claiming they fell within these statutory exceptions. Nor could it: an agency may only disregard the APA's notice-and-comment requirements in two scenarios: first, in issuing "interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice," 5 U.S.C. § 553(b)(3)(A) and, second, if it "for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest," 5 U.S.C. § 553(b)(3)(B). The Delay Notice operates as a repeal of the Rule and therefore is far more than an interpretive rule or general statement of policy. And the Department could not credibly claim "good cause" here, since it has not offered any explanation for the Delay Notice beyond its desire to replace the Rule.

As a result, the Department's failure to engage in notice-and-comment rulemaking or negotiated rulemaking was unlawful, and the Third Delay Notice should be set aside.

## II.     THE THIRD DELAY NOTICE IS ARBITRARY AND CAPRICIOUS.

The Department also violated the substantive requirements of the APA in issuing the Third Delay Notice by failing to offer a reasoned analysis supporting its decision to further delay the Rule's disclosure requirements. In fact, the Third Delay Notice fails to offer any basis for its decision at all, beyond the assertion that it "continues to evaluate the efficacy of these disclosures to students, including the manner in which the GE regulations would require institutions make these disclosures, and the burden associated with the implementation of these requirements." 83 Fed. Reg. 28,177. But the claim that

the Department may not think that the Rule is warranted does not provide a reasoned

basis for failing to enforce it, as agencies are not free to simply disregard any regulation

they dislike.

In promulgating a rule, an agency "must make findings that support its decision,

and those findings must be supported by substantial evidence." *Burlington Truck Lines,*

*Inc. v. United States*, 371 U.S. 156, 168 (1962). Specifically, it is required to "examine

the relevant data and articulate a satisfactory explanation for its action including a

'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs.*

*Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting

*Burlington Truck Lines*, 371 U.S. at 168. And "an agency changing its course by

rescinding a rule is obligated to supply a reasoned analysis for the change beyond that

which may be required when an agency does not act in the first instance." *State Farm*,

463 U.S. at 42.

The Department did none of these things here. The Third Delay Notice has no

specific "findings that support its decision," nor does it reflect an examination of "the

relevant data." To the contrary, it acknowledges that the Department has *not* completed

any such examination, asserting that it "continues to evaluate the efficacy of" the

disclosures required by the Rule. But the Department already "evaluate[d] the efficacy

of" the disclosure requirements when it promulgated the Rule in the first instance, and it

concluded that they were appropriate and consistent with its statutory obligations under

the HEA. The Department may re-evaluate the efficacy of the disclosures in a subsequent

rulemaking, but it cannot use this fact as an excuse not to carry out its obligation to

enforce the Rule. The mere assertion that it is doing so falls well short of providing "a

reasoned analysis for the change beyond that which may be required when an agency does not act in the first instance." *State Farm*, 463 U.S. at 42.

Like the prior Delay Notices, the Third Delay Notice contains no additional information about any evaluation it has already conducted into the Rule's effectiveness, any conclusions it may have reached to date, and what specific aspects of the disclosure requirements it wishes to further evaluate. *See, e.g.*, *State Farm*, 463 U.S. at 43, 54 ("Normally, an agency rule would be arbitrary and capricious if the agency…entirely failed to consider an important aspect of the problem). It does not contain any discussion of the costs and benefits of rescinding the disclosure requirements. *See Michigan v. E.P.A.*, 135 S. Ct. 2699, 2707 (2015) ("Reasonable regulation ordinarily requires paying attention to the advantages *and* the disadvantages of agency decisions.") (emphasis in original). Instead, the Department simply rests on its assertion that it is reevaluating the disclosure requirements (without letting them go into effect) to explain the delay.

In *Air Alliance Houston*, the D.C. Circuit rejected a similar argument advanced by EPA, finding that the agency had not explained "how the effectiveness of the rule would prevent EPA from undertaking notice and comment or other tasks for reconsideration, why a delay is necessary to EPA's process, or how the [delayed rule] becoming effective on schedule would otherwise impede its ability to reconsider that rule." *Air Alliance Houston*, 2018 WL 4000490, at *12. The same is true here: the Department has not explained how enforcing the Rule would prevent it from conducting a new rulemaking, why a delay is necessary to reevaluate the Rule, or how allowing the Rule to become fully effective "would otherwise impede its ability to reconsider that rule." *Id.*; *see also Public Citizen v. Steed*, 733 F.2d 93, 102 (D.C. Cir. 1984) ("Without showing that the old

9

policy is unreasonable, for [the agency] to say that no policy is better than the old policy solely because a new policy might be put into place in the indefinite future is as silly as it sounds."); *Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95, 111–12 (2d Cir. 2018) ("[A] decision to reconsider a rule does not simultaneously convey authority to indefinitely delay the existing rule pending that reconsideration.) (citing *Clean Air Council*, 862 F.3d at 9). The Department's bare assertion that it continues to evaluate the disclosure requirements does not provide the "reasoned analysis" required to justify an agency's decision to rescind a rule, and therefore its decision to repeal those requirements through delay is arbitrary and capricious and should be held unlawful.

**CONCLUSION**

For the reasons set forth above, in the States' prior memoranda of law, and as stated at oral argument, the States respectfully request that the Court grant their Motion for Summary Judgment, declare that the three delay notices are unlawful and must be set aside, and order the Department to carry out its nondiscretionary obligations under the Rule, including but not limited to its obligation to calculate and publish debt-to-earnings rates for the 2015-2016 financial aid award year.

Dated: September 10, 2018                 Respectfully submitted,

                                          FOR THE STATE OF MARYLAND
                                          BRIAN E. FROSH
                                          ATTORNEY GENERAL

                              By:    */s/ Christopher J. Madaio*
                                     Christopher J. Madaio
                                     Assistant Attorney General
                                     Office of the Attorney General
                                     Consumer Protection Division
                                     200 St. Paul Place, 16th Floor
                                     Baltimore, MD 21202
                                     (410) 576-6585
                                     Cmadaio@oag.state.md.us

                                     FOR THE COMMONWEALTH OF PENNSYLVANIA
                                     JOSH SHAPIRO
                                     ATTORNEY GENERAL

                              By:    */s/ Michael J. Fischer*
                                     Michael J. Fischer
                                     Chief Deputy Attorney General
                                     John M. Abel
                                     Jesse Harvey
                                     Senior Deputy Attorneys General
                                     Pennsylvania Office of Attorney General
                                     Strawberry Square
                                     Harrisburg, PA 17120
                                     (215) 560-2171
                                     mfischer@attorneygeneral.gov

11

PEOPLE OF THE STATE OF
ILLINOIS, by LISA MADIGAN
ATTORNEY GENERAL OF ILLINOIS

By:      */s/ Joseph Sanders*
Joseph Sanders
Gregory W. Jones
Assistant Attorneys General
Consumer Fraud Bureau
Office of the Illinois Attorney General
100 W. Randolph St., 12th Fl.
Chicago, IL 60601
312-814-6796 (Joseph)
312-814-4987 (Gregory)
Fax: 312-814-2593
jsanders@atg.state.il.us
gjones@atg.state.il.us

FOR THE COMMONWEALTH OF
MASSACHUSETTS
MAURA HEALEY
ATTORNEY GENERAL

By:

*/s/ Yael Shavit*
Yael Shavit
Assistant Attorney General
Office of the Massachusetts Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-2197
yael.shavit@state.ma.us

FOR THE STATE OF CALIFORNIA
XAVIER BECERRA
CALIFORNIA ATTORNEY GENERAL

By:      */s/ Bernard A. Eskandari*
Bernard A. Eskandari
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, California 90013
(213) 897-2652
bernard.eskandari@doj.ca.gov

12

FOR THE STATE OF CONNECTICUT
GEORGE JEPSEN
ATTORNEY GENERAL

By:     */s/ Joseph J. Chambers*
        Joseph J. Chambers
        Assistant Attorney General
        Connecticut Office of Attorney General
        PO Box 120
        Hartford, CT 06141-0120
        (860) 808-5270
        joseph.chambers@ct.gov

FOR THE STATE OF DELAWARE
MATTHEW P. DENN
ATTORNEY GENERAL

By:     */s/ Christian Douglas Wright*
        Christian Douglas Wright
        Director of Consumer Protection
        Deputy Attorney General
        Delaware Department of Justice
        820 N. French Street
        Wilmington, DE  19801
        (302) 577-8400
        christian.wright@state.de.us

FOR THE DISTRICT OF COLUMBIA
KARL A. RACINE
ATTORNEY GENERAL

By:     */s/ Philip Ziperman*
        Philip Ziperman
        Assistant Attorney General
        Attorney General for the District of Columbia
        441 4th Street, N.W., 6th Floor
        Washington, DC 20001
        (202) 442-9886
        Philip.Ziperman@dc.gov

FOR THE STATE OF HAWAII
RUSSELL A. SUZUKI
ATTORNEY GENERAL OF HAWAII

By:      */s/ Bryan C. Yee*
         Bryan C. Yee
         Deputy Attorney General
         425 Queen Street
         Honolulu, Hawaii 96813
         (808) 586-1180
         bryan.c.yee@hawaii.gov

FOR THE STATE OF IOWA
THOMAS J. MILLER
ATTORNEY GENERAL

By:      */s/ Jessica Whitney*
         Jessica Whitney
         Director - Consumer Protection
         Office of the Attorney General of Iowa
         1305 E. Walnut St.
         Des Moines, Iowa 50319
         (515) 281-8772
         Jessica.Whitney@iowa.gov

FOR THE STATE OF MINNESOTA
LORI SWANSON
ATTORNEY GENERAL

By:      */s/ Jason Pleggenkuhle*
         Jason Pleggenkuhle
         Assistant Attorney General
         Bremer Tower, Suite 1200
         445 Minnesota Street
         St. Paul, MN 55101
         (651) 757-1147 (Voice)
         (651) 282-5832 (Fax)
         jason.pleggenkuhle@ag.state.mn.us

FOR THE STATE OF NEW YORK
BARBARA D. UNDERWOOD
ATTORNEY GENERAL OF NEW YORK

By:     */s/ Jane M. Azia*
        Jane M. Azia
        Chief, Bureau of Consumer Frauds and Protection
        120 Broadway, 3rd floor
        New York, NY 10271
        Tel.: (212) 416-8727
        Jane.azia@ag.ny.gov

FOR THE STATE OF NORTH CAROLINA
JOSH STEIN
ATTORNEY GENERAL OF NORTH
CAROLINA

By:

        */s/ Matt Liles*
        Matt Liles
        Assistant Attorney General
        North Carolina Department of Justice
        114 W. Edenton St.
        Raleigh, NC  27603
        P.O. Box 629
        Raleigh, NC  27602
        (919) 716-0141
        mliles@ncdoj.gov

FOR THE STATE OF OREGON
ELLEN F. ROSENBLUM
ATTORNEY GENERAL

By:     */s/ Andrew Shull*
        Andrew Shull
        Assistant Attorney General
        Oregon Department of Justice
        1162 Court Street, NE
        Salem, OR 97301
        (503) 934-4400
        Andrew.shull@doj.state.or.us

15

FOR THE STATE OF RHODE ISLAND
PETER F. KILMARTIN
ATTORNEY GENERAL

By:     */s/ Neil F.X. Kelly*
        Neil F.X. Kelly
        Deputy Chief, Civil Div.
        Assistant Attorney General
        Edmund F. Murray, Jr.
        Special Assistant Attorney General
        Rhode Island Department of Attorney General
        150 South Main Street
        Providence, Rhode Island 02903
        (401) 274-4400 ext. 2284
        nkelly@riag.ri.gov
        emurray@riag.ri.gov

FOR THE STATE OF VERMONT
THOMAS J. DONOVAN, JR.
ATTORNEY GENERAL

By:     */s/ Christopher J. Curtis*
        Christopher J. Curtis
        State of Vermont
        Office of the Attorney General
        Chief, Public Protection Division
        109 State St.
        Montpelier, VT 05609
        (802) 828-5586
        christopher.curtis@vermont.gov

FOR THE COMMONWEALTH OF VIRGINIA
MARK R. HERRING
ATTORNEY GENERAL

By:     */s/ Samuel T. Towell*
        Samuel T. Towell
        Deputy Attorney General, Civil Litigation
        Cynthia E. Hudson
        Chief Deputy Attorney General
        Barbara Johns Building
        202 N. Ninth St.
        Richmond, Virginia 23219
        (804) 786-6731
        stowell@oag.state.va.us

FOR THE STATE OF WASHINGTON
ROBERT W. FERGUSON
ATTORNEY GENERAL

By:    */s/ Jeffrey T. Sprung*
Jeffrey G. Rupert
Chief, Complex Litigation Division
Jeffrey T. Sprung (D.C. Bar No.: 384880)
Benjamin J. Roesch
Assistant Attorneys General
Office of the Washington Attorney General
1125 Washington St. SE
P.O. Box 40100
Olympia, WA 98504
(206) 326-5492 (Sprung)
jeffreyr2@atg.wa.gov
jeff.sprung@atg.wa.gov
benjaminr@atg.wa.gov
cynthiaa@atg.wa.gov

17

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused the foregoing document, and any attachments thereto, to be electronically filed with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system, and that all participants in the case will be served by the CM/ECF system.


Dated: September 10, 2018

*/s/ Michael J. Fischer*
Michael J. Fischer
