IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATE OF MARYLAND, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF EDUCATION, and ELIZABETH DEVOS, in her official capacity as Secretary of Education,

Defendants.

Civil Action No. 1:17-2139 (KBJ)

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND SUPPLEMENTAL MEMORANDUM**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... iii

INTRODUCTION .......... 1

BACKGROUND .......... 2

I. Relevant Procedural History .......... 2

II. Recent Administrative Developments .......... 3

A. June 18, 2018 Federal Register Notice .......... 3

B. August 14, 2018 Notice of Proposed Rulemaking .......... 3

ARGUMENT .......... 4

I. PLAINTIFFS LACK STANDING TO ASSERT THEIR AMENDED CLAIMS 4

II. THE JUNE 18, 2018 NOTICE IS NOT FINAL AGENCY ACTION THAT CAN BE CHALLENGED UNDER THE APA .......... 6

III. THE JUNE 18, 2018 NOTICE DID NOT REQUIRE NOTICE AND COMMENT BECAUSE IT IS PROCEDURAL IN NATURE .......... 8

IV. THE JUNE 18, 2018 NOTICE IS NOT ARBITRARY AND CAPRICIOUS PLAINTIFFS FAIL TO SHOW THAT THE DEPARTMENT'S ACTIONS WERE ARBITRARY AND CAPRICIOUS .......... 9

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

## Cases

*Bennett v. Spear*, 520 U.S. 154 (1997) .......... 6

*Clean Air Council v. Pruitt*, 862 F.3d 1 (D.C. Cir. 2017) .......... 7

*Council of S. Mountains, Inc. v. Donovan*, 653 F.2d 573 (D.C. Cir. 1981) .......... 7

*Envtl. Defense Fund, Inc. v. Gorsuch*, 713 F.2d 802 (D.C. Cir. 1983) .......... 7

*Fund for Animals v. Norton*, 512 F. Supp. 2d 49 (D.D.C. 2007) .......... 5

*Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13 (D.C. Cir. 2006) .......... 5

*Hall v. Sebelius*, 689 F. Supp. 2d 10 (D.D.C. 2009) .......... 6

*In re Bluewater Network*, 234 F.3d 1305 (D.C. Cir. 2000) .......... 5

*Int'l Union, United Mine Workers v. Mine Safety & Health Admin.*, 823 F.2d 608 (D.C. Cir. 1987) .......... 7

*PDK Labs., Inc. v. DEA*, 362 F.3d 786 (D.C. Cir. 2004) .......... 9

*People v. U.S. Dep't of Educ.*, Order Granting Defs.' Mot. to Dismiss, No. 17-cv-7106, slip op. at 15-17 (N.D. Cal. June 27, 2018) .......... 5

*Safari Club Int'l v. Zinke*, 878 F.3d 316 (D.C. Cir. 2017) .......... 9

*Sheppard v. Sullivan*, 906 F.2d 756 (D.C. Cir. 1990) .......... 11

*Soundboard Ass'n v. FTC*, 251 F. Supp. 3d 55 (D.D.C. 2017) .......... 6, 7

*Sugar Cane Growers Co-op. v. Veneman*, 289 F.3d 89 (D.C. Cir. 2002) .......... 11

## Statutes

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706 .......... 1

5 U.S.C. § 706 .......... 9

Higher Education Act ("HEA") Title IV, 20 U.S.C. §§ 1070 *et seq.* .......... 4

**Regulations**

34 C.F.R. § 668.412 .......................................................................................................... *passim*

**Other Administrative Materials**

82 Fed. Reg. 30975 (July 5, 2017) ......................................................................................... 5

83 Fed. Reg. 28177 (June 18, 2018) ("June 18, 2018 Notice") ........................................... *passim*

Notice of Proposed Rulemaking ("NPRM"), 83 Fed. Reg. 40167 (Aug. 14, 2018) ........ 3-4, 6, 10

## INTRODUCTION

The amended complaint filed by the plaintiff states and the District of Columbia ("Plaintiffs" or "the States") adds procedural and substantive claims with respect to a June 18, 2018 Federal Register notice ("June 18, 2018 Notice") issued by the Department of Education and the Secretary of Education (collectively, "Defendants" or "the Department"). The notice postpones a deadline for schools subject to the Department's gainful employment ("GE") regulations to comply with certain disclosure provisions, 34 C.F.R. § 668.412(d) and (e), which require schools to transmit information, already available on GE program websites, directly to prospective students and to include the same information in promotional materials.

Like the States' challenge to the Department's previous postponement (which has now expired and is thus moot), their new claims should be rejected. For one thing, the States continue to lack standing to pursue this action. Just as with their original claims, the States identify no direct injury fairly traceable to the June 18, 2018 Notice, nor can they challenge the Notice as *parens patriae*. The States' lack of standing, already fully briefed by the parties, is dispositive in regard to all the States' claims, including the new claims asserted in their amended complaint.

Even apart from the lack of standing, the States' amended claims fail review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. Like prior postponements, the June 18, 2018 Notice fails to qualify as a final agency action. Indeed, the Department has now issued a formal Notice of Proposed Rulemaking ("NPRM"), in which it proposes to rescind the GE regulations altogether and specifically notes flaws in the § 668.412(d) and (e) disclosure methods that were identified in negotiated rulemaking. A pragmatic consideration of the June 18, 2018 Notice should recognize that it effectively serves as a temporary stopgap measure, preserving the ability of students to obtain the information currently provided in the disclosures

while allowing schools to avoid expending resources on disclosure methods that may be rescinded at the end of the rulemaking. It therefore is not subject to APA review.

In addition, even if the June 18, 2018 Notice were considered final agency action subject to challenge, the Department has not violated the APA's procedural rulemaking requirements, nor has it acted arbitrarily or capriciously in issuing the postponement. To the contrary, the postponement was entirely reasonable, given that the Department has developed concerns about the disclosures and is currently considering their rescission. Moreover, any procedural or substantive error with respect to the June 18, 2018 Notice must be deemed harmless. The Department did consider previously-submitted comments, solicited at the time of the previous postponement, when issuing the June 18, 2018 Notice. In addition, the States have identified no prejudice resulting from the Notice, and it would not make sense to require schools to implement the particular methods of dissemination set forth in § 668.412(d) and (e) for a single year. The Court therefore should enter judgment in favor of Defendants with respect to the States' new claims.

## BACKGROUND

### I. Relevant Procedural History

In their original complaint, the States challenged three aspects of the Department's implementation of the GE regulations: (1) an extension to July 1, 2018 of the deadline for schools to comply with 34 C.F.R. § 668.412(d) and (e) by sending required disclosures (already available on GE program websites) directly to prospective students, Compl. ¶¶ 100, 109; (2) changes to the alternate earnings appeal requirements, *id.* ¶¶ 100, 109; and (3) an alleged delay in issuing draft GE Completers Lists, *id.* ¶ 119. The parties filed cross-motions for summary judgment, the Court held a hearing on the parties' cross-motions on May 1, 2018, and

supplemental briefing was completed on July 3, 2018.

The States then moved to amend their complaint on June 22, 2018, seeking to add procedural and substantive challenges to the Department's June 18, 2018 Notice, 83 Fed. Reg. 28177 (June 18, 2018). [ECF 65.] The Court granted the States' motion on August 30, 2018, and set forth an expedited briefing schedule. Pursuant to that schedule, the States filed a supplemental brief ("Pl. Supp. Mem.") on September 10, 2018. [ECF 69.]

## II. Recent Administrative Developments

### A. June 18, 2018 Federal Register Notice

In the June 18, 2018 Notice, the Department announced that schools would be given additional time, until July 1, 2019, to implement the disclosure methods identified in 34 C.F.R. § 668.412(d) and (e). 83 Fed. Reg. at 28178. In explaining that decision, the Department indicated that it had received 45 comments in response to a previous extension issued on June 30, 2017, which included recommendations that the Department review the information to be provided to students in disclosures, as the current required information was confusing. *Id.* The Department also indicated that the negotiated rulemaking sessions that it had recently conducted in connection with the GE regulations failed to reach a consensus, and that the Department "intends to develop proposed regulations that would replace the GE regulations." *Id.* The Department further noted that, as part of that process, it "continues to evaluate the efficacy of the[] [§ 668.412(d) and (e)] disclosures to students," including "the manner in which the GE regulations would require institutions make these disclosures, and the burden associated with the implementation of these requirements." 83 Fed. Reg. at 28178.

### B. August 14, 2018 Notice of Proposed Rulemaking

On August 14, 2018, the Department issued a Notice of Proposed Rulemaking

("NPRM"), proposing to rescind the GE regulations. 83 Fed. Reg. 40167 (Aug. 14, 2018). The NPRM described the Department's concerns with the disclosure requirements set forth in 34 C.F.R. § 668.412, and in particular noted that the Department had "underestimated the burden associated with distributing the disclosures directly to prospective students," as required in § 668.412(d) and (e). 83 Fed. Reg. at 40173. The Department explained that many schools "no longer mail paper documents, and instead rely on web-based materials and electronic enrollment agreements," and that it therefore had concluded that "the best way to provide disclosures to students is through a data tool that is populated with data that comes directly from the Department, and that allows prospective students to compare all institutions through a single portal, ensuring that important consumer information is available to students while minimizing institutional burden." *Id.* The NPRM indicated that the Department would accept comments on the proposed rule until September 13, 2018. *Id.* at 40168. The Department has not yet issued a Final Rule. Pursuant to the governing Master Calendar, any such rule published before November 1, 2018 would go into effect on July 1, 2019.

## ARGUMENT

### I. PLAINTIFFS LACK STANDING TO ASSERT THEIR AMENDED CLAIMS

As Defendants previously explained with respect to the challenges set forth in the States' original complaint, the States lack standing to challenge the Department's implementation of the GE regulations, for reasons including the following: The States lack Article III standing on their own behalf because they fail to identify a cognizable injury of their own, fairly traceable to the Department actions that they challenge. *See* Def. S.J. Mem. [ECF 35, 36-1] at 19-25; Def. Reply [ECF 42] at 2-8; Def. Supp. Mem. [ECF 66] at 2-5. The States also cannot act as *parens patriae* on behalf of their citizens when bringing claims again a federal agency. *See* Def. S.J. Mem. at

17-19; Def. Reply at 8-10. The States also do not fall within the zone of interests protected or regulated by Title IV of the Higher Education Act, 20 U.S.C. §§ 1070 *et seq*. Def. S.J. Mem. at 25-26; Def. Reply at 10-12.

Defendants' previous analysis of the States' lack of standing applies in full force with respect to the States' new claims, and the States' latest supplemental memorandum offers no argument to the contrary. Indeed, as Defendants pointed out when opposing the States' proposed amendment, another district court has recently agreed that a state has no cognizable injury when it comes to the Department's implementation of a federal regulatory program designed to help individuals. *See People v. U.S. Dep't of Educ*., Order Granting Defs.' Mot. to Dismiss, No. 17-cv-7106, slip op. at 15-17 (N.D. Cal. June 27, 2018) (attached to Def. Supp. Mem. in this case [ECF 67-1]). The States' only response when replying in support of their amendment was that it would be most efficient for the Court to address their standing in a single case. Pl. Reply in Support of Mot. to Amend, at 4-5 [ECF 68]. Now that the Court has granted the States' motion to amend, it should do just that and hold that the States lack standing to pursue their original and amended claims.[1]

[1] In addition to their new challenge to the June 18, 2018 Notice, the States' amended complaint continues to assert the same claims set forth in their original complaint, including procedural and substantive challenges to the Department's earlier extension of the deadline for schools to comply with § 668.412(d) and (e) to July 1, 2017, 82 Fed. Reg. 30975 (July 5, 2017). *See* Am. Compl. ¶¶ 105(a), 114(a). However, the July 1, 2018 extended deadline has now passed, rendering the States' challenges to that aspect of the July 5, 2017 Notice moot. *See Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 18 (D.C. Cir. 2006) (finding challenge to expired "guidance and policy" moot); *In re Bluewater Network*, 234 F.3d 1305, 1314 (D.C. Cir. 2000) ("Petitioners do not here challenge the 1997 temporary regulations, either for what they did or did not do; those regulations have expired. Whatever issues could have been raised regarding their legality are moot."); *Fund for Animals v. Norton*, 512 F. Supp. 2d 49, 52–53 (D.D.C. 2007) ("A challenge to agency regulations becomes moot once those regulations expire."). The Court therefore should dismiss those challenges. Defendants also are entitled to judgment in their favor with respect to the States' original claims for the reasons explained in

## II. THE JUNE 18, 2018 NOTICE IS NOT FINAL AGENCY ACTION THAT CAN BE CHALLENGED UNDER THE APA

As explained in Defendants' previous summary judgment briefing, "[c]ourts may not . . . review non-final agency action." *Hall v. Sebelius*, 689 F. Supp. 2d 10, 17 (D.D.C. 2009); *see* Def. S.J. Mem. [ECF 36] at 26. Like the Department's earlier postponement of the deadline for states to provide disclosures using the methods identified 34 C.F.R. § 668.412(d) and (e), the June 18, 2018 Notice does not qualify as final agency action. Indeed, all of the factors that weighed against considering the earlier postponement a final agency action require the same result here. Certainly, the Notice does not "'mark[] the consummation of the agency's decision making process.'" *Soundboard Ass'n v. U.S. FTC*, 251 F. Supp. 3d 55, 63 (D.D.C. 2017) (quoting *Bennett v. Spear*, 520 U.S. 154, 177 (1997)). To the contrary, the Notice explains that it represents a tentative, interlocutory decision of the Department to hold off on imposing the new disclosure requirements set forth in the GE regulations—which had never been in effect before—while the Department "continues to evaluate" how effective those methods of disclosure would be, when compared to the burdens they would impose on schools. 83 Fed. Reg. at 28178. Indeed, as the Notice indicated, the Department has now issued proposed regulations that would rescind the GE regulations, including the disclosure requirements, in favor of a less burdensome alternative way of disseminating information to prospective students. NPRM, 83 Fed. Reg. at 40173. In addition, the Notice does not determine rights or obligations, nor does it impose "an immediate and significant practical burden" on the States. *See Soundboard Ass'n*, 251 F. Supp. 3d at 63. Nor do the States' procedural and substantive APA challenges present "a purely legal question of statutory interpretation." *Id.* Rather, addressing the States' challenges to the Notice

---

Defendants' prior briefing, which is hereby incorporated herein in connection with the States' amended complaint.

would require premature consideration of issues that the Department is still weighing in the rulemaking process that it initiated through the NPRM.

In arguing to the contrary, the States rely heavily on *Clean Air Council v. Pruitt*, 862 F.3d 1, 7 (D.C. Cir. 2017), which held that a postponement by the Environmental Protection Agency ("EPA") of the "methane rule," requiring oil and natural gas companies to meet certain performance standards for pollutant emissions, was a final agency action. However, the "flexible and pragmatic" consideration that courts require in this situation, *see Soundboard Ass'n*, 251 F. Supp. 3d at 63, shows that this case is different from *Clean Air Council* in ways that warrant a different conclusion.

Importantly, the D.C. Circuit emphasized that the methane rule at issue in *Clean Air Council* involved substantive safety requirements—namely, that oil and gas companies identify and repair emissions leaks within a specified time period. *Clean Air Council*, 862 F.3d at 6. Indeed, the court referred to the rule at issue as a "mandatory safety standard," comparing it to similar rules at issue in *Int'l Union, United Mine Workers v. Mine Safety & Health Admin*., 823 F.2d 608, 611 (D.C. Cir. 1987) (health and safety standards for coal mines); *Environmental Defense Fund, Inc. v. Gorsuch*, 713 F.2d 802, 807-08 (D.C. Cir. 1983) (safety rule setting performance standards for hazardous waste storage); *Council of Southern Mountains, Inc. v. Donovan*, 653 F.2d 573, 575-76 (D.C. Cir. 1981) (safety rule addressing underground fires and explosions in mines). *Clean Air Council*, 862 F.3d at 6. In contrast, the rule at issue here does not implicate health and safety. Rather, § 668.412(d) and (e) merely describe two methods of disseminating the same information that is already available on GE program websites.

Moreover, the rule at issue in *Clean Air Council could* be implemented, with tangible effect, during the time available; oil and gas companies could identify and repair emissions leaks

during the two year delay period that the EPA had proposed. Here, on the other hand, it is far less clear what would be accomplished by requiring schools to undertake certain methods of disclosure for a period of less than a year, particularly if the GE regulations are in fact rescinded altogether on July 1, 2019. Students might simply be confused by frequent changes in where they are supposed to find relevant information about programs. Indeed, the States are wrong in pointing to the possible rescission of the GE regulations, through the Department's normal rulemaking procedures, as supporting APA review here. *See* Pl. Supp. Mem. at 10. To the contrary, such a prospect only highlights the interim nature of the June 18, 2018 Notice. As a practical matter, to treat the postponement of such relatively minor and essentially procedural provisions as final agency action is unwarranted when the Department is undisputedly reconsidering their efficacy and burdensomeness. The Court therefore should conclude that the States' amended claims fail because they do not challenge final agency action.

## III. THE JUNE 18, 2018 NOTICE DID NOT REQUIRE NOTICE AND COMMENT BECAUSE IT IS PROCEDURAL IN NATURE

Even if the Court concludes that the June 18, 2018 Notice qualifies as a final agency action, it should reject the States' amended claims challenging the Notice. For the same reasons previously explained with respect to the Department's prior notices, the States' amended procedural claim fails because the postponement of certain methods of disclosure is procedural in nature and thus is not a substantive amendment of the 2014 Final Rule requiring notice and comment rulemaking. The States suggest that the June 18, 2018 Notice is substantive simply because it follows earlier postponements. Pl. Supp. Mem. at 10. However, the States have conflated the "final agency action" requirement with the "substantive" requirement. *See id*. (quoting sections of Defendants' prior briefs focused on the lack of a "final agency action").

Extending a procedural rule more than once does not transform it into a substantive rule.[2] Here, the June 18, 2018 Notice is procedural in nature for the same reasons previously explained—primarily because it merely addresses the procedures for disseminating information, without changing the substance of information that, under 34 C.F.R. § 668.412, still must be provided.

Moreover, even if the June 18, 2018 Notice were deemed substantive, any failure to begin a new process of notice and comment was harmless error. *See* 5 U.S.C. § 706 (requiring courts reviewing agency action to take "due account . . . of the rule of prejudicial error"); *PDK Labs., Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004). By the time it issued the June 18, 2018 Notice, the Department had already solicited and received comments on the previous extension of the § 668.412(d) and (e) disclosure methods, and it addressed those comments in the June 18, 2018 Notice. *See* 83 Fed. Reg. at 28178. Any procedural error in the June 18, 2018 Notice thus did not affect the outcome. The situation here is therefore different from that in *Safari Club Int'l v. Zinke*, 878 F.3d 316 (D.C. Cir. 2017), where the court found a failure to comply with notice and comment prejudicial because an earlier interim notice had failed to solicit comments at all. *See id.* at 335.

**IV. THE JUNE 18, 2018 NOTICE IS NOT ARBITARY AND CAPRICIOUS**

The States' substantive challenge to the June 18, 2018 Notice should also be rejected. The Department's decision to extend the deadline for schools to comply with the methods of disseminating disclosures set forth in § 668.412(d) and (e) reflects its reasonable interpretation of its own regulation as allowing such flexibility while the Department considers the efficacy of such disclosures as well as the burdens of those methods of dissemination. Indeed, as previously explained, § 668.412 confers continuing authority on the Department to adjust the disclosure

[2] The earlier postponement also does not make the June 18, 2018 Notice final agency action. As explained above, a pragmatic assessment of the June 18, 2018 Notice indicates that it is not final.

template requirements as it deems warranted, including the establishment of "procedures and timelines" to govern updates to the disclosure template, 34 C.F.R. § 668.412(b), as well as other steps to "make the disclosure template as meaningful as possible," *id.* § 668.412(a).

The Department has also identified a reasonable basis for its decision. In the June 18, 2018 Notice itself, the Department explained that, in the course of reviewing comments submitted following a previous extension of the § 668.412(d) and (e) compliance deadline, as well as through three negotiated rulemaking sessions between December 4, 2017 and March 15, 2018, the Department had received conflicting information, including a comment suggesting that the information to be disclosed may be confusing to students. 83 Fed. Reg. at 28178. The Department also explained that it planned to continue to evaluate the efficacy of the disclosures, including "the manner" of disclosures as well as "the burden associated with the implementation of these requirements." *Id.*

In addition, the Department further explained its reasoning in regard to this issue in the NPRM. *See* 83 Fed. Reg. at 40173. The Department explained that "it underestimated the burden associated with distributing the disclosures directly to prospective students" and that, during the negotiated rulemaking process, a negotiator "confirmed [the Department's concerns]." *Id.* Indeed, "many institutions no longer mail paper documents, and instead rely on web-based materials and electronic enrollment agreements." *Id.* The Department thus has proposed that "the best way to provide disclosures to students is through a data tool that is populated with data that comes directly from the Department, and that allows prospective students to compare all institutions through a single portal, ensuring that important consumer information is available to students while minimizing institutional burden." *Id.* Although the NPRM solicited further comments, which may lead the Department to analyze the issue further during the rulemaking

process, the analysis that the Department has set forth is sufficient to reject any notion that its decision to extend the § 668.412(d) and (e) deadline for a year was arbitrary and capricious.

The States' substantive challenge to the June 18, 2018 Notice relies on their premise that it amounts to a rescission of § 668.412(d) and (e). *See, e.g.*, Pl. Supp. Mem. at 10 (arguing that the Department has failed to provide the explanation "required to justify an agency's decision to rescind a rule"). To the contrary, the Department is still considering whether to rescind the GE regulations, following a notice and comment rulemaking process that is currently underway. Meanwhile, however, as a practical matter, now that the Department has issued the NPRM, conveying its current view that the methods of disclosure identified in § 668.412(d) and (e) are burdensome and flawed, it would face substantial litigation risk if it sought to require schools to provide disclosures through those methods during the period before a new final rule goes into effect.

The principle of harmless error also applies to this challenge. The States can show no conceivable prejudice from the Department's decision to postpone the methods of disclosure identified in § 668.412(d) and (e) for an additional year, particularly now that the Department has proposed that the GE regulations be rescinded altogether. Moreover, the information that would be disclosed remains available on GE program websites. In effect, the June 18, 2018 Notice preserves students' access to information while preventing schools from wasting resources to set up new disclosure methodologies that might be used for no more than a year in any event. Under the circumstances here, the Department's approach is "the only reasonable one." *Cf. Sugar Cane Growers Co-op. v. Veneman*, 289 F.3d 89, 96 (D.C. Cir. 2002) (quoting *Sheppard v. Sullivan*, 906 F.2d 756, 762 (D.C. Cir. 1990)).

## CONCLUSION

For the foregoing reasons and those set forth in prior briefing, the Court should deny the States' motion for summary judgment and enter summary judgment in favor of Defendants.

Dated: September 20, 2018

Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General
JESSIE K. LIU
United States Attorney
MARCIA BERMAN
Assistant Director, Federal Programs Branch

_/s/ Kathryn L. Wyer________
KATHRYN L. WYER
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW Room 7124
Washington, D.C. 20530
Tel.: (202) 616-8475
Fax: (202) 616-8470
Email: kathryn.wyer@usdoj.gov
*Attorneys for Defendants*