## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STATE OF MARYLAND, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-2139 (KBJ) |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER FOR ADDITIONAL SUPPLEMENTAL BRIEFING IN LIGHT OF RECENT D.C. CIRCUIT RULING

On August 17, 2018, the D.C. Circuit issued an opinion in *Air Alliance Houston v. Environmental Protection Agency*, 906 F.3d 1049 (D.C. Cir. 2018) (per curiam), that may have implications for the standing issue presented in the instant case.  In *Air Alliance*, the D.C. Circuit panel concluded that state petitioners had standing to bring a petition for review of a final rule that delayed the effective date of a rule the EPA had promulgated to regulate accidental chemical release prevention.  *See id.* at 1056–57, 1059–60.  In so doing, the Circuit specifically determined that "[m]onetary expenditures to mitigate and recover from harms that could have been prevented absent the Delay Rule are precisely the kind of 'pocketbook' injury that is incurred by the state itself[,]" *id.* at 1059–60, and the panel further found that "State Petitioners have demonstrated their independent proprietary interests in avoiding chemical releases in their territory sufficient to support standing," *id.* at 1060.

Given the precedential nature of *Air Alliance* and the fact that neither party has

cited to this case nor briefed its potential implications with respect to the issues before this Court, it is hereby

**ORDERED** that, on or before **May 13, 2019**, the States shall file a supplemental brief of no more than 15 pages regarding the following supplemental issues:  (1) whether *Air Alliance* applies or has any effect on this Court's standing analysis; (2) whether and to what extent the States have presented evidence in the instant case regarding the "[m]onetary expenditures" they have expended due to the Department's delay in this matter; and (3) whether and to what extent the States have presented evidence in the instant case regarding the "harms" to the States to which any such expenditures were addressed.  *Id.* at 1059.  It is

**FURTHER ORDERED** that Defendants shall file a response of no more than 15 pages in length on or before **June 3, 2019**.


DATE:  April 12, 2019                    <u>Ketanji Brown Jackson</u>
                                         KETANJI BROWN JACKSON
                                         United States District Judge