IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF MARYLAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, and ELIZABETH DEVOS, in her official capacity as Secretary of Education,<br><br>Defendants. | Civil Action No. 1:17-2139 (KBJ) |

**DEFENDANTS' NOTICE OF ADMINISTRATIVE ACTION AND
SUGGESTION OF MOOTNESS**

Defendants hereby notify the Court that, on July 1, 2019, defendants the U.S. Department of Education ("Department") and Elizabeth DeVos, in her official capacity as Secretary of Education (the "Secretary"), issued a Final Rule rescinding the gainful employment ("GE") regulations that are at issue in this lawsuit. *See* U.S. Dep't of Educ., Final regulations, 84 Fed. Reg. 31392 (July 1, 2019) ("2019 Final Rule"). The effective date of the 2019 Final Rule is July 1, 2020. *Id.* at 31392. However, the Secretary exercised her authority under section 482(c) of the Higher Education Act, 20 U.S.C. § 1089(c)(2)(A), to designate the regulatory changes effectuated through the Final Rule for early implementation beginning on July 1, 2019, at the discretion of each institution. 84 Fed. Reg. at 31396. As a result, while the Department will continue to implement the GE regulations for those schools that do not adopt early implementation, schools that do adopt early implementation are not required to report GE data for the 2018-2019 year, or to comply with the notification requirements set forth in 34 C.F.R.

§ 668.412(d) and (e), among other things. *See* Electronic Announcement ("EA") #122 (June 28, 2019).[1]

With the Department's issuance of the 2019 Final Rule, together with other administrative developments, the States' claims no longer are capable of providing the States with any meaningful relief and are therefore moot.[2] "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Thus, where "events have so transpired that [the Court's] decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future," a plaintiff's claims should be dismissed as moot. *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (internal quotation omitted); *cf. Theodore Roosevelt Conservation P'ship v. Salazar*, 661 F.3d 66, 79 (D.C. Cir. 2011) ("If it becomes impossible for the court to grant any effectual relief whatever to a prevailing party on a particular claim, that claim must be dismissed." (internal quotation omitted)).

Counts I and II of the States' Complaint challenged Department notices that extended the deadline for schools to comply with the notification requirements set forth in 34 C.F.R. § 668.412(d) and (e). Compl. ¶¶ 100, 109. The last notice at issue in the Complaint had extended the deadline to July 1, 2018—a date that has since passed. The States then sought to amend their Complaint to assert a challenge to a third notice, which the Department issued on June 18, 2018, that extended the deadline to July 1, 2019. *See* Pl. Mot. for Leave to File Am. Compl. [ECF 65] (filed June 22, 2018). That motion remains pending, but the deadline identified in the third notice has now also passed. The Department has not issued a notice further extending that deadline. *See*

---

[1] The Department's EAs regarding gainful employment are available at https://ifap.ed.gov/GainfulEmploymentInfo/GEDCLandEAV2.html.

[2] The States also continue to lack standing for the reasons set forth in prior briefing.

EA #120. Rather, schools that do not adopt early implementation of the 2019 Final Rule must comply with the notification requirements set forth in § 668.412(d) and (e) until July 1, 2020, when the 2019 Final Rule goes into effect. *See* EA #120.

Counts I and II of the States' Complaint also challenged the Department's changes to alternate earnings appeal requirements following an adverse decision by the Court in *American Ass'n of Cosmetology Schools* ("*AACS*") *v. DeVos*, 258 F. Supp. 3d 50 (D.D.C. 2017). Compl. ¶¶ 100, 109. However, the deadline for schools to submit appeals pursuant to those requirements for the 2015 debt measure year—the first year affected by *AACS*—has long since passed, and the Department has recently updated the results of those appeals. *See* https://studentaid.ed.gov/sa/about/data-center/school/ge (providing link to spreadsheet with appeals information updated on June 26, 2019). No final D/E rates have been issued for subsequent years, so there is currently no deadline for schools to submit appeals for future years, nor any requirements for the submission of such appeals.[3]

Count III of the States' Complaint challenged the Department's delay in issuing draft GE Completers Lists. Compl. ¶¶ 115-121. However, as Defendants have previously notified the Court, the Department subsequently issued those Lists. *See* Def. Supp. Mem. at 7 n.2. Indeed, the Department distributed final GE Completers Lists in April 2019. *See* EA #118.[4]

---

[3] As indicated below, the Department is presently unable to calculate D/E rates because the Social Security Administration has not agreed to provide it with the necessary earnings data.

[4] The States have argued that they sought to challenge the Department's entire D/E rate calculation process rather than one step in that process. Such a challenge is untenable under the APA, as Defendants have previously explained. However, even if Count III were read to assert such a challenge, the States' Count III would not be redressable. After finalizing the Completers Lists, the next step in the calculation of D/E rates would be to obtain earnings data from the Social Security Administration ("SSA"). *See* 34 C.F.R. § 668.405(a)(3). However, the Department explained in the 2019 Final Rule that SSA has not signed a new Memorandum of

None of the States' claims therefore remain live or present an avenue for the Court to provide effectual relief. Accordingly, this case should be dismissed in its entirety as moot.

Dated: July 10, 2019

Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General
MARCIA BERMAN
Assistant Director, Federal Programs Branch

 /s/ Kathryn L. Wyer
KATHRYN L. WYER
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 12014
Washington, DC  20005
Tel.: (202) 616-8475
Fax: (202) 616-8470
Email: kathryn.wyer@usdoj.gov
*Attorneys for Defendants*

---

Understanding with the Department to share earnings data, and that, as a result, "the Department is currently unable to calculate D/E rates." 84 Fed. Reg. at 31392.