UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STATE OF MARYLAND, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:17-cv-2139 (KBJ) |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

In 2014, the United States Department of Education ("the Department") promulgated a series of rules that were designed to regulate institutions of higher education and to check the deceptive marketing that some of those institutions used to entice students to take on large amounts of debt in order to pursue what proved to be worthless degrees or credentials.  However, since the change in presidential administrations in 2017, the Department repeatedly delayed the implementation of these regulations or modified them altogether.  In response, eighteen States ("the States") filed the instant lawsuit under the Administrative Procedure Act, Pub. L. 79-404, 60 Stat. 237 (1946) (codified as amended at 5 U.S.C. §§ 551–559, 701–706), challenging the Department's actions as procedurally improper and substantively invalid, and asking this Court to order that the agency begin enforcing these regulations in earnest.

Currently pending before this Court are the States' and the Department's ripe cross-motions for summary judgment (*see* Pls.' Mot. for Summ. J., ECF No. 33; Defs.' Cross-Mot. for Summ. J., ECF No. 36), and the Department's supplemental motion to

1

dismiss (*see* Defs.' Mot. to Dismiss, ECF No. 86).  The Court held a hearing regarding the cross-motions for summary judgment on May 1, 2018 (*see* Hr'g Tr., ECF No. 61) and another hearing concerning the motion to dismiss on January 9, 2020 (*see* Hr'g Tr., ECF No. 104).  Upon consideration of the arguments made during the hearings and the additional memoranda of law that each party has submitted with respect to these motions (*see* ECF Nos. 39, 42, 64, 66, 69, 70, 71, 73, 81, 83, 84, 85, 87, 89, 103, 105), the Court has reached the following conclusions, which will be set forth in a Memorandum Opinion to be issued soon, absent unforeseen circumstances.

This Court finds that the States lack Article III standing to bring the instant legal claims.  Of the three nonsovereign injuries that the States assert, none constitutes an injury-in-fact that can be deemed fairly traceable to the Department's challenged actions.  Moreover, the States cannot base their standing on a quasi-sovereign injury in this case, *i.e.*, they cannot bring a *parens patriae* action under the circumstances presented, because such actions do not lie against the federal government without congressional approval.

Accordingly, it is hereby

**ORDERED** that Department's Motion to Dismiss (ECF No. 86) is **GRANTED** for lack of Article III standing, and the parties' Cross-Motions for Summary Judgment (ECF Nos. 33, 36) are **DENIED AS MOOT**.  This Order shall not be deemed a final order subject to appeal until the Court has issued its Memorandum Opinion.  *Cf. St. Marks Place Hous. Co. v. Dep't of Hous. & Urban Dev.*, 610 F.3d 75, 80–82 (D.C. Cir. 2010).

DATE:  June 26, 2020

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge